IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLAVNIA

| | | |
|---|---|---|
| PATRICIA BUCKLEY | : | |
| | : | CIVIL ACTION NO. 21-CV-4211 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MILLER'S ALE HOUSE and | : | |
| MICHAEL JOHNSON | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6) OF DEFENDANT, MICHAEL JOHNSON**

Defendant, Michael Johnson, by and through counsel, Jay L. Edelstein, Esquire, hereby submits his memorandum of law in support of his Motion to Dismiss Pursuant to Federal Rule 12(b)(6).

**I.    FACTUAL AND PROCEEDURAL HISTORY**

This case involves an alleged slip/trip and fall on May 6, 2021 (the "incident') at the Miller's Ale House restaurant located at 18 W. Baltimore Pike, Media, PA (the "subject restaurant"). On August 31, 2021, Plaintiff instituted the within action, by way of Complaint,[1] in the Philadelphia Court of Common Pleas, as of as of August term, 2021, docket no. 02906. In the Complaint, Plaintiff alleges she was "suddenly and unexpectedly caused to fall due to a dangerous and/or defective condition which existed at the premises…." (Compl. ¶4). Although Plaintiff fails to describe, in any detail whatsoever, the nature of the alleged defective condition,

---

[1] A true and correct copy of Plaintiff's Complaint is attached to Mr. Johnson's Motion as Exhibit "A."

Miller's Ale House, Inc.'s CCTV footage[2] captured the incident, which involved a walk-off mat in the vestibule of the subject restaurant. A screenshot of the incident is included below:



Plaintiff's Complaint names as Defendants, Miller's Ale House, Inc. and Michael Johnson, who is alleged to be (and is) the General Manager for the subject restaurant. Notwithstanding the naming of two different Defendants (an employer and employee), Plaintiff's Complaint asserts a single claim for negligence against "All Defendants." (Compl., Count I (title)). In that lone count, Plaintiff alleges both the employer and employee Defendants were negligent in failing to properly inspect, discover, and remedy the alleged defective condition, failing to warn of the alleged defective condition, and allowing the alleged defective condition to exist. (Compl. ¶6(a)-(c)). Nowhere in the Complaint does Plaintiff alleged any specific, affirmative, action or conduct by Mr. Johnson which caused or contributed to the alleged incident. Nowhere in the Complaint does Plaintiff assert any theory of negligence

---

[2] A courtesy copy of the CCTV footage of the incident was voluntarily supplied to Plaintiff's counsel prior to removal of the within action.

against Mr. Johnson that is separate and distinct from Plaintiff's theory of negligence against his employer, Miller's Ale House, Inc.

Miller's Ale House was served with the Complaint on September 13, 2021. (See Notice of Removal, Ex. "B").[3] At no time was Mr. Johnson served with the Complaint. (See Notice of Removal, Doc. No. 1). Upon assignment of the within action, Defense Counsel contacted Plaintiff's Counsel to advise that Mr. Johnson had no involvement in this incident and, based upon the Complaint, was not a proper party to the within action. (See Notice of Removal). As such, Defense Counsel requested Plaintiff stipulate to the dismissal of Mr. Johnson, without prejudice. (See Notice of Removal, Ex. "C"). Plaintiff's Counsel offered to dismiss Mr. Johnson, without prejudice if, and only if, Miller's Ale House, Inc., would agree to not remove this matter to federal court. (See Notice of Removal, Ex. "C"). Defendants declined Plaintiff's Counsel's offer and, on September 22, 2021, removed the within action to this Honorable Court. Mr. Johnson now moves to dismiss Plaintiff's claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.   ARGUMENT**

   **A. Federal Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12 provides, in pertinent part:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> …
> (6) failure to state a claim upon which relief can be granted; and
> …
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

---

[3] In the interest of efficiency, movant has not included the Notice of Removal as an exhibit to the instant motion but, instead, merely cites to same. The Notice of Removal is Docket Entry No. 1.

Fed. R. Civ. P. 12(b)(6).

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Iqbal declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678. "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

The Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally conducted in three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently

alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted).

### B. Plaintiff's Complaint Fails to State a Claim Against Mr. Johnson As It Alleges Nothing More Than Mere Nonfeasance

Under Pennsylvania law, the only recognized basis for liability against a manager of a corporation, individually, and the corporation itself, is the participation theory. See Wicks v. Milzoco Builders, Inc., 503 Pa. 614, 470 A.2d 86 (Pa. 1983). The participation theory permits a corporate manger to be held personally liable for participating in a tortious activity of the company, but only where the manager "specifically direct[s] the particular act to be done or participate[s], or cooperate[s] therein." Wicks, 470 A.2d. at 90 (quotation marks and citation omitted). Under this theory theory, a manager can be personally liable for his own "misfeasance," *i.e.*, the "improper performance of an act," but not for mere "nonfeasance," *i.e.*, "the omission of an act which a person ought to do." Brindley v. Woodland Village Rest., Inc., 438 Pa. Super. 385, 652 A.2d 865, 868 (Pa. Super. Ct. 1995) (relying on Wicks). "[T]he mere averment that a corporate officer should have known the consequences of the liability-creating corporate act is . . . insufficient to impose liability." Wicks, 470 A.2d at 90.

Courts in this Circuit routinely dismiss claims against corporate managers where those claims are based on nothing more than nonfeasance. For example, in Jackson v. Burlington Coat Factory, No. 17-2459, 2017 U.S. Dist. LEXIS 131233 (E.D. Pa. Aug. 17, 2017), the plaintiff was allegedly injured when he fell while walking up an escalator that was not functioning and sued

5

Burlington Coat Factory and the store manager, a Pennsylvania resident. Id. at *2. Burlington Coat Factory removed the case claiming the store manager was fraudulently joined and the plaintiff filed a motion to remand[4] premised on the forum defendant rule. Id. at **2-3. In determining the claim against the store manager was deficient, the Court noted the allegations merely averred the manager had notice of the broken elevator and set forth "a laundry list of allegations or actions [the store manager] failed or omitted to take." Id. at **10-11. These failures, the Court held, constituted, at best, nonfeasance. Id. at *11. Because the plaintiff failed to allege the manager "specifically directed the particular act" or acts that caused the plaintiff's injuries, there was no actional misfeasance under Pennsylvania law to support personal liability under the participation theory. Id. at 11. Consequently, the claims against the manger were dismissed and motion to remand was denied. Id.

The same result was reached in Kane v. Wal-Mart Stores E., LP, No. 18-5285, 2018 U.S. Dist. LEXIS 217772 (E.D. Pa. Dec. 31, 2018) where a slip and fall plaintiff filed suit against Wal-Mart and its store manager, a Pennsylvania resident. Id. at **1-2. Wal-Mart removed the case and filed a motion to dismiss the store manager. Id. The claims specifically directed to the store manager alleged he failed to properly train and supervise employees including preventing slip and falls, remediating hazardous conditions, monitoring and inspecting the premises, and "failed to implement and enforce safety rules and procedures." Id. at **3-4. Applying Wicks and its progeny in the federal courts, and discussing the distinction between nonfeasance and misfeasance in detail, Judge Kearney, held the allegations against the store manager were for nonfeasance and, thus, not cognizable. See id. at **5-12. Specifically, the Court noted the

---

[4] The fact that Jackson was decided in the context of a motion to remand/fraudulent joinder, rather than a motion to dismiss, is of no moment. The Court's evaluation of a claim's viability is more deferential to the plaintiff in the context of a motion to remand/fraudulent joinder than a motion to dismiss. See Hughes v. Mylan Inc., No. 11-5543, 2011 U.S. Dist. LEXIS 123544, at *16 (E.D. Pa. Oct. 25, 2011)("proper joinder for jurisdictional purposes is a lower bar than would be required for a claim to survive a motion to dismiss.").

plaintiff did not allege any affirmative action by the store manager, or a reason to know a particular risk of a slip and fall in any certain area of the store. Id. at *11-12. This is particularly important, the Court further reasoned, where a transient condition (such as a liquid on the floor) can result in a slip and fall moments after the condition materializes. See id. at *12. Recognizing the very best training could not ensure no person ever slipped and fell in the store, and absent pleading specific knowledge on the part of the store manager, the Court held the plaintiff's allegations did not rise to the level of misfeasance. Id. Consequently, the claims against the store manager were insufficient and dismissed. Id. at *13.

In this case, the allegations in Plaintiff's Complaint asserting liability claims against Mr. Johnson are identical to the liability claims asserted against Mr. Johnson's employer, Miller's Ale House, Inc. There is no separate and distinct theory supporting a claim for individual liability against Mr. Johnson. Instead, Plaintiff is attempting to impose personal liability on Mr. Johnson merely because, presumably, "he was the captain of the ship." Plaintiff does not allege facts supporting any inference that Mr. Johnson personally created the alleged hazardous condition, or that he personally had any specific knowledge of same.

Moreover, all the allegations against Mr. Johnson amount to merely nonfeasance. Plaintiff claims Mr. Johnson "failed to inspect, discover and remedy the defective condition," (Compl. ¶6(a)), "fail[ed] to warn…of the dangerous condition," (Compl. ¶6(b)), and "allowed a dangerous and hazardous condition to exist on…the premises" (Compl. ¶6(a)). The passive language in the Complaint reinforces the fact that Plaintiff fails to allege any affirmative action on the part of Mr. Johnson, individually, that caused the alleged condition to which she attributes this incident, or had knowledge the incident would occur. In short, Plaintiff does not allege any misfeasance on the part of Mr. Johnson sufficient to set forth a colorable claim under Pennsylvania's participation theory and her claims ought to be dismissed as a matter of law.

### III.   CONCLUSION

As set forth above, Plaintiff's claims against the General Manager of Miller's Ale House, Inc., Michael Johnson, allege, at most, nonfeasance (rather than misfeasance) and are deficient as a matter of law. Consequently, Mr. Johnson is entitled to dismissal, with prejudice.

                                      Respectfully submitted,

                                      **EDELSTEIN LAW, LLP**

Date: September 23, 2021        By: /s/ Jay L. Edelstein
                                                JAY L. EDELSTEIN, ESQUIRE
                                                Identification No. 30227
                                                230 S. Broad Street, Suite 900
                                                Philadelphia, PA 19102
                                                (215) 893-9311

                                                *Attorney for Defendants,*
                                                *Miller's Ale House and*
                                                *Michael Johnson*